UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN KIRKMAN and AARON SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>TITAN BRANDS INC.,<br><br>Defendant. | CASE NO. 2:26-cv-01660-JNW<br><br>ORDER TO SHOW CAUSE |

Plaintiffs filed this putative class action in King County Superior Court on April 9, 2026, against Defendant Titan Manufacturing and Distributing, Inc. ("Titan").[1] Dkt. No. 1-1. Titan removed this action to this Court on May 15, 2026, asserting federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA). Dkt. No. 1 at 3. Plaintiffs' complaint alleges that Titan violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). Dkt. No. 1-1. Plaintiffs claim that Titan "frequently engages in sending emails with false or misleading subject lines, particularly emails with false time-limited sales

[1] In the Notice of Removal, Titan Manufacturing and Distributing, Inc. states that Plaintiffs incorrectly name them as "Titan Brands, Inc. d/b/a Titan Fitness."

information." *Id.* ¶ 38. On August 17, 2026, the parties filed a Joint Status Report, proposing a schedule for class certification. Dkt. No. 28.

Before the Court can issue a scheduling order, it must confirm its jurisdiction. Some courts in this District have found that named plaintiffs in similar CEMA/CPA class actions lack Article III standing and remanded the actions to state court. *See, e.g.*, *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026); *Hutton v. Papa John's Int'l*, No. C25-1922-KKE, 2026 WL 2210133, at *3 (W.D. Wash. July 31, 2026). Other courts have found standing adequately pled but then stayed the action pending the resolution of the Ninth Circuit appeals in *Montes v. Penney OpCo., LLC et al.*, Case No. 25-8045 and *Montes v. SPARC Grp., LLC*, Case No. 23-35496. *See, e.g., Liss et al. v. Skechers USA Inc.*, No. 3:25-CV-05861-DGE, 2026 WL 2500999, at *2 (W.D. Wash. Aug. 25, 2026); *Devivo v. Sheex Inc.*, No. 3:25-CV-05807-DGE, Dkt. No. 62 (W.D. Wash. Aug. 25, 2026).

The removal briefing does not address the Article III standing issue under CEMA. The Court raises this issue on its own, as it must before reaching the merits of Plaintiffs' case. The Court will not decide jurisdiction without the parties' input, so it ORDERS as follows:

1. Titan must file a supplemental brief not to exceed five (5) pages by September 21, 2026, about (1) whether Plaintiffs have Article III standing and, if so, whether the action should be stayed pending the *Montes* appeals; and (2) whether the Court should, under CEMA, calculate damages on a per-email or per-recipient basis and, depending on that

answer, whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction.

2. Plaintiffs must file a responsive supplemental brief not to exceed five (5) pages by September 28, 2026.

Dated this 10th day of September, 2026.

Jamal N. Whitehead
United States District Judge